UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

MARCELO BARROSO LOPEZ, individually and in behalf of all other persons similarly situated,

                Plaintiff,

            –against–

SHORE ROAD DINER CORP. d/b/a SHORE ROAD DINER and OMAR ORTIZ, jointly and severally,

                Defendants.

20 CV 1675

---

**COMPLAINT AND JURY DEMAND**

1. The plaintiff, in behalf of other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleges that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

2. The plaintiff further alleges, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, (4) of costs of purchasing a required uniform, and such other relief available by law.

3. The plaintiff further alleges, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that

1

the plaintiff should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Marcelo Barroso Lopez is and was at all relevant times an adult residing in Westchester County, New York.

8. The defendant Shore Road Diner Corp. d/b/a Shore Road Diner is and was at all relevant times a New York business corporation with its office in Westchester County.

9. The defendant Omar Ortiz is and was at all relevant times an adult.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as to the plaintiff's claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

11.     The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

12.     At all relevant times, the defendants' business is a full-service restaurant doing business as Shore Road Diner and located at 370 Pelham Road, New Rochelle, NY 10805.

13.     Upon information and belief, at all relevant times, the defendant Omar Ortiz was an owner, shareholder, officer, or manager of the defendants' business.

14.     Upon information and belief, at all relevant times, the defendant Omar Ortiz was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiff and party plaintiffs, and acted directly or indirectly in the interest of an employer.

15.     Upon information and belief, at all relevant times, the defendant Omar Ortiz had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

16.     The defendants employed the plaintiff approximately from December 6. 2016 until December 28, 2018.

17.     The defendants employed the plaintiff as a waiter and cashier.

18.     The plaintiff worked for the defendants approximately between sixty and sixty-two hours per week.

19. The defendants paid the plaintiff approximately $20.00 per day, then $30.00 per day, and then $38.00 per day.

20. The plaintiff worked approximately six days per week for the defendants.

21. The defendants paid the plaintiff in cash.

22. The plaintiff spent approximately $100 to purchase required uniforms, which were shirts with logos, which the defendants did not reimburse.

23. The defendants willfully failed to pay the plaintiff and party plaintiffs the applicable minimum wage.

24. The plaintiff and party plaintiffs worked more than forty hours each workweek, yet the defendants willfully failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

25. The plaintiff worked a spread of hours more than ten each day, yet the defendants willfully failed to pay the plaintiff spread-of-hours compensation.

26. The plaintiff purchased required uniforms, and the defendants failed to reimburse the plaintiff the total cost of the uniform.

27. The defendants failed to provide the plaintiff with a notice and acknowledgment at the time of hiring.

28. The defendants failed to provide the plaintiff with a statement with each payment of wages.

29. Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiff and party plaintiffs were uninformed of their rights during such times.

30. Upon information and belief, while the defendants employed the plaintiff and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

31. The plaintiff, on behalf of the plaintiff and party plaintiffs, realleges and incorporates by reference paragraphs 1 through 30 as if they were set forth again herein.

32. At all relevant times, the defendants, an employer, employed the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

33. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

34. The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(i).

35. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(ii).

36. Therefore, upon information and belief, at all relevant times, the plaintiff and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

37. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

38. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed more than forty hours in a workweek.

39. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiff and party plaintiffs for unpaid or underpaid (1) minimum wages, and (2) overtime compensation.

40. The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

41. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

42. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act, within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

43. The plaintiff and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**MINIMUM WAGE ACT**

44. The plaintiff realleges and incorporates by reference paragraphs 1 through 43 as if they were set forth again herein.

45. At all relevant times, the defendants, employers, employed the plaintiff, an employee, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.2.

46. From December 31, 2015, to December 30, 216, the applicable minimum wage was $9.00 per hour, and from December 31, 2016, to December 30, 2017, $10.00, and from December 31, 2017, to December 30, 2018, $11.00, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

47. The defendants paid the plaintiff other than by an hourly rate of pay, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.5.

48. The defendants violated the plaintiff's rights by failing to pay or underpaying the plaintiff the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2.

49. The defendants violated the plaintiff's rights by failing to pay or underpaying the plaintiff overtime compensation at a rate not less than one and one-half times the plaintiff's regular rate of pay for the hours the plaintiff worked more than forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

50. The defendants violated the plaintiff's rights by failing to pay or underpaying the plaintiff spread-of-hours compensation, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

51. The defendants violated the plaintiff's rights by failing to reimburse the plaintiff the costs of purchasing a required uniform, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.8.

52. The defendants' failure to pay the plaintiff the foregoing timely is a violation of section 191 of the New York Labor Law.

53. By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiff for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and (4) reimbursement of costs of purchasing a required uniform.

54. The plaintiff is further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

55. The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law §§ 198(d) and 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.4.

56. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiff is entitled to the equitable tolling of the plaintiff's claims during the time that the defendant failed to post such notices.

### THIRD CLAIM FOR RELIEF: WAGE THEFT PREVENTION ACT

57. The plaintiff realleges and incorporates by reference paragraphs 1 through 56 as if they were set forth again herein.

58. The defendants failed to furnish to the plaintiff, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the

employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

59. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2, the plaintiff should be awarded of the defendants statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-b).

60. The defendants failed to furnish to the plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

61. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3, the plaintiff should be awarded of the defendants statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

62. Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

## FOURTH CLAIM FOR RELIEF:
## DECLARATORY RELIEF

63. The plaintiff realleges and incorporates by reference paragraphs 1 through 62 as if they were set forth again herein.

64. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

65. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

66. It is in the public interest to have these declarations of rights recorded.

67. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

68. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

69. Wherefore, the plaintiff, on behalf of the plaintiff and party plaintiffs, prays this Court grant as relief:

   a. designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the party plaintiffs;

    b.    a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

    c.    an award of unpaid or underpaid (1) minimum wages, and (2) overtime compensation, due under the Fair Labor Standards Act;

    d.    an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

    e.    an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and (4) reimbursement of costs of purchasing a required uniform, due under the Minimum Wage Act and section 191 of the New York Labor Law;

    f.    an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

    g.    an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

    h.    a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

    i.    if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  j. an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

  k. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

  l. an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

  m. such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff, on behalf of the plaintiff and party plaintiffs, demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

Dated: New York, New York
    February 25, 2020